EDWARD ELDRIDGE, Appellant, *v.* CHARLES HOLWAY, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An attorney in fact may, by another acting for him, serve a notice upon a party in possession, as a foundation for a proceeding by forcible entry and detainer.

The maxim withholding the power to subdelegate authority, applies where the interests of the principal may be neglected or injured by substitution.

THIS was a forcible detainer before a justice, appealed to the Common Pleas, and thence to this court, the appellant

Eldridge *v.* Holway.

being plaintiff in both of the courts below. No question arises as to the formalities of the proceeding.

The plaintiff called to the stand, as a witness, Francis H. Kales, who testified, subject to objection, that, on the 3d day of July, 1856, and before the commencement of this suit, he, the witness, served a written notice upon the said defendant, demanding the immediate possession of the premises in controversy, as the agent and attorney of said plaintiff, which said notice was and is in the words and figures following, that is to say:

TAKE NOTICE, That I hereby demand the immediate possession of the following described premises, situate in the city of Chicago, county of Cook, and State of Illinois, to wit: A part of the west half of the east half of lot 6, block 34, original town of Chicago, being twenty feet on Randolph street, and running back to the barn, formerly occupied by one Edward H. Aiken, together with the passage to the rear of the west half of the said lots; also, a part of the east half of the west half of said lot, being twenty feet on Randolph street, and running back five feet north of the south line of said barn, which said premises comprise the middle forty feet front of said lot on Randolph street, in said city of Chicago, being the same premises, a portion of said lot 6, now occupied and held by you.

The bearer is hereby authorized to receive from you the possession thereof for me.                                              Yours, etc.,

                                                         EDWARD ELDRIDGE,
CHICAGO, July 1, 1856.          By ZENAS COBB, his Attorney in Fact.

The said witness further stated that the said defendant, Holway, refused to surrender the possession of the said premises to witness, as the agent of the said plaintiff, alleging, as a reason, that he could keep possession of the said premises under another title. And witness further stated that he thereupon commenced this action.

The plaintiff then introduced the following power of attorney, bearing date May 28, 1856, executed by the said plaintiff to the said Zenas Cobb, which said power was and is in the words and figures following, that is to say:

KNOW ALL MEN BY THESE PRESENTS, That I, Edward Eldridge, of the city and State of New York, hereby constitute and appoint Zenas Cobb, of the city of Chicago, to be my true and lawful attorney, for me and in my name, to sue for and recover possession of lot 6, in block 34, in the original town of Chicago, being eighty feet front on Randolph street, in the city of Chicago, from any and all persons now holding the same, or any part thereof, and to commence in my name any forcible detainer, suit or suits against any such person or persons, or take any other proceedings, either at law or in equity, to obtain possession of said premises as aforesaid, hereby ratifying and confirming all that my said attorney has done, or may do, in the premises.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28th day of May, A. D. 1856.                    EDWARD ELDRIDGE. [SEAL.]

All of which said several parcels of evidence and instruments of writing were read to the jury aforesaid without objection, subject, however, to a motion to exclude the same, upon the ground of their legal sufficiency; no objection being made in reference to the execution of the said several papers and documents.

And the said witness, F. H. Kales, further testified: That, prior to the service of the notice aforesaid upon the said defendant, the said Zenas Cobb authorized and empowered him to serve said notice, and institute this suit, in case that said defendant refuses to surrender the possession of the premises in controversy.

Thereupon the said defendant, by his counsel, moved the court to exclude the notice or demand of possession aforesaid, from the jury aforesaid, upon the ground that the said Cobb has no authority to delegate his power to the said Kales in the service of the notice, which said motion was sustained by the said court, and the said notice and evidence connected therewith was excluded from the said jury as evidence herein, to which ruling and opinion of the said court, in excluding the said evidence from the jury aforesaid, the said plaintiff, by his counsel, excepted, and thereupon the said jury found a verdict for the said defendant.

This cause was heard before I. M. WILSON, Judge.

R. S. BLACKWELL, for Appellant.

BALLINGALL and ADAMS, for Appellee.

SCATES, C. J. An attorney in fact of plaintiff employed an attorney at law in this case, who served the written notice and demand of possession. The court excluded this evidence, on the ground that delegated authority cannot be delegated.

This is true as a general principle, when properly applied to the classes of cases where personal confidence is reposed, and skill, judgment, etc., are involved. Story on Agency, Secs. 12, 13, 14. It was, doubtless, to obviate this literal application of the principle that the convention, out of abundant caution, inserted clause 17 of Sec. 8, Art. 1, in the Constitution of the United States. 3 Story Com. Const., Secs. 1236–7. Some powers arise, by implication, as incidents to others, and are essential to their exercise. So, in the performance of a general or special agency, many acts are to be performed, of an indifferent nature, which may as well be done by one person as another, and which an agent might find it extremely inconvenient to be compelled to perform personally. The maxim withholding the power of subdelegation

Eldridge *v.* Holway.

of authority only has place when there is an object, an end to be gained—where the interest of the principal may be neglected or injured by substitution. When, from the nature of the act to be done, there can be no difference, the principle cannot apply.

Such is the case here. There is neither confidence, skill, discretion or judgment required to deliver a written notice, and make oath of it, which could prevent the employment of any one by an agent. The service of declarations in ejectment, notices to take depositions, and a great variety of acts now done by attorneys' clerks and others, would fall under the same rule contended for, and compel attorneys to do such acts personally.

An attorney may serve such notice and demand, and we perceive no reason why an agent, to bring suit, may not employ an attorney. Agents, as such, cannot appear in courts for parties. Where agents are not licensed as attorneys, they must employ attorneys to appear for the client in the courts.

The act here falls strictly within a class which may be done by such supposed sub delegation. It is rather the true and only mode of acting out an agency where an attorney becomes necessary, than a subdelegation of power.

Had the agency here been an attorneyship, it might present another question—one involving a question of confidence reposed, or skill and judgment—which could not be transferred. But the agency does not appear to be of that character.

Judgment reversed and cause remanded.

*Judgment reversed.*